**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

|  |  |  |
|---|---|---|
| MAUREEN BYAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil No. 2018-48 |
| v. | ) | |
| | ) | |
| KISHMA DORSET, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |

ATTORNEYS:

**Maureen Byam**
St. Thomas, U.S.V.I.
    *Pro se plaintiff.*

**ORDER**

**GÓMEZ, J.**

Before the Court is the Report and Recommendation of the Magistrate Judge recommending that the Court dismiss Maureen Byam's complaint.

On July 7, 2018, Maureen Byam ("Byam") filed a complaint in this Court against Kishma Dorset ("Dorset"). The complaint alleges a cause of action arising under 42 U.S.C. § 1983. From what the Court can discern, Byam was involved in a dispute at a location that Byam refers to as the "passport center" on St. Thomas, United States Virgin Islands. Byam alleges that while there, Dorset refused to process Byam's application for a passport. Thereafter, Byam filed the instant complaint.

Because Byam sought to proceed in forma pauperis, the Magistrate Judge conducted a screening of Byam's complaint pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A. The Magistrate Judge granted Byam's motion to proceed in forma pauperis. The Magistrate Judge also recommended that the Court dismiss Byam's complaint.

Litigants may make "specific written objections" to a magistrate judge's report and recommendation "[w]ithin 14 days after being served with a copy of the recommended disposition." *See* Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1) ("Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court.").

When a party makes a timely objection, the district court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* As Byam has not had a full opportunity to object to the report and recommendation, the Court will review the report and recommendation de novo.[1]

In the instant case, Byam asserts that her 14th Amendment rights were violated. Byam seeks to vindicate the violation of her 14th Amendment rights through a 42 U.S.C. § 1983 ("Section

---

[1] *See, e.g., MRL Dev. I, LLC v. Whitecap Inv. Corp.*, No. 2013-48, 2018 U.S. Dist. LEXIS 50126, at *7 (D.V.I. Mar. 27, 2018) ("[T]he Court is unaware of any authority that would require a district court to await the receipt of objections before reviewing a report and recommendation under a de novo standard.")

1983") suit. Significantly, Section 1983 is not a source of substantive rights. To state a proper claim under Section 1983, a plaintiff must allege a deprivation of a right secured by the Constitution or laws of the United States against an actor acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 49-50 (1988).

The authority to issue a passport is found in 22 U.S.C. § 211a.[2] Thus, Byam's claim that she was denied a passport is appropriately read to be a claim against an actor authorized by, or acting pursuant to, federal law. Section 1983 provides no relief against such an actor. *See, e.g., Paeste v. Gov't of Guam*, 798 F.3d 1228, 1237 (9th Cir. 2015) ("Section 1983 provides no cause of action against federal agents acting under color of federal law.") (quotation omitted).

The premises considered, it is hereby

**ORDERED** that the Report and Recommendation of the Magistrate Judge is **ADOPTED**; it is further

**ORDERED** that Maureen Byam's complaint is **DISMISSED**; it is further

---

[2] The Secretary of State may grant and issue passports, and cause passports to be granted, issued, and verified in foreign countries by diplomatic and consular officers of the United States, and by such other employees of the Department of State who are citizens of the United States as the Secretary of State may designate, and by the chief or other executive officer of the insular possessions of the United States, under such rules as the President shall designate and prescribe for and on behalf of the United States, and no other person shall grant, issue, or verify such passports. Unless authorized by law, a passport may not be designated as restricted for travel to or for use in any country other than a country with which the United States is at war, where armed hostilities are in progress, or where there is imminent danger to the public health or the physical safety of United States travellers. 22 U.S.C. § 211a.

**ORDERED** that all pending motions are **MOOT;** it is further

**ORDERED** that the Clerk of Court shall **CLOSE** this case.

S\_____

                    **Curtis V. Gómez**
                    **District Judge**